## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-24-252-R** |
| | ) | |
| **PRISCILLA ORANGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Before the Court is Priscilla Orange's Amended Unopposed Fifth Motion to Continue Jury Trial [Doc. No. 39]. Defendant was arraigned on a Superseding Indictment on April 21, 2025 [Doc. No. 33]. Defendant will file a written waiver of rights under the Speedy Trial Act, 18 U.S.C. § 3161. The United States does not oppose the Motion.

The Speedy Trial Act, 18 U.S.C. § 3161, provides that a person accused of a crime is generally entitled to a trial within 70 days of the filing of the charge or the accused's appearance on that charge. *Id.* § 3161(c)(1). When a requested continuance would cause a violation of the statutory time limit, a court may grant the continuance only if it finds that the period of delay is excludable under a specific provision of the Act. *Id.* § 3161(h). When, as here, a continuance is sought on the basis of the "ends of justice" under 18 U.S.C. § 3161(h)(7), the Court must decide whether the purpose served by granting the requested continuance outweighs the best interests of the public and the defendant to a speedy trial.

Based on the undisputed information presented by Defendant, the Court determines that the ends of justice are served by granting a continuance of the existing trial deadline to allow for a response and ruling on two motions to dismiss filed by Mrs. Orange, her counsel to continue to acquire discovery and continue his investigation and to properly prepare the case, and the parties to continue to narrow the issues to be tried, and Mrs. Orange's Counsel's current July court schedule to outweigh the best interests of the public and Defendant to an earlier trial setting. The Court further determines that the period of delay caused by the granting of the motion is excludable for purposes of the Speedy Trial Act, under 18 U.S.C § 3161(h)(7), on the basis that the failure to grant a continuance would deny counsel the time reasonably necessary for effective preparation, taking in to account the exercise of due diligence.

Accordingly, Defendant's Unopposed Second Motion to Continue Jury Trial [Doc. No. 39] is GRANTED. The matter is continued to the **September 9, 2025, trial docket**.  All documents shall be filed in accordance with the deadlines in the Federal Rules of Criminal Procedure and this Court's Local Criminal Rules.

IT IS SO ORDERED this 23rd day of June, 2025.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**