**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-24-252-R |
| | ) | |
| PRISCILLA ORANGE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

A jury found Defendant guilty of one count of Obstruction of a Federal Audit in violation of 18 U.S.C. § 1516 (Count 1) and two counts of Federal Program Theft in violation 18 U.S.C. § 666(a)(1)(A) (Counts 2 and 3). At sentencing, the Court entered a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 as to Counts 2 and 3 [Doc. No. 102]. The Court then sentenced Defendant to a 15-month term of imprisonment in connection with Count 1 [Doc. No. 103].

Now before the Court is the United States' Motion to Reconsider [Doc. No. 105], which is fully briefed [Doc. Nos. 114, 125, 126]. The United States argues that the Court lacked the authority to enter a judgment of acquittal *sua sponte* after the jury returned a verdict and that the case should be set for sentencing on Counts 2 and 3. After the filing of the Motion to Reconsider, Defendant filed a Notice of Appeal that is currently pending in the Court of Appeals for the Tenth Circuit.[1]

---

[1]The Tenth Circuit decided not to abate the appeal proceedings while the Motion to Reconsider was pending. *See United States v. Orange,* No. 26-6084 (10th Cir. July 8, 2026).

"Typically, '[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Because this action is currently pending on appeal, this Court lacks jurisdiction to rule on the United States' motion.

The United States concedes that the Court lacks authority to grant the motion but requests an indicative ruling pursuant to Federal Rule of Criminal Procedure 37. Rule 37(a) provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

After considering these options, the Court concludes that consideration of the issues presented by the United States' motion should be deferred pending resolution of Defendant's appeal. The motion will therefore be dismissed without prejudice to refiling and, after Defendant's appeal is resolved, the United States may refile the motion, if necessary.

Accordingly, as set out above, the Motion to Reconsider is denied without prejudice.

2

IT IS SO ORDERED this 23rd day of July, 2026.

_____

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**